Penrose's Estate

Before Lamorelle, P. J., and Gest, Henderson, Van Dusen, and Sinkler, JJ.

518

*John Ralston Jones*, p.p., for exceptants; *Bevan A. Pennypacker*, contra.

LAMORELLE, P. J., October 5, 1934.—While there are mâny exceptions filed by two of the claimants, our analysis of the argument, oral and written, warrants the conclusion that the one important question, which, incidentally, solves all others, is whether Anna P. Hooton, donee of a limited power of appointment over her share of the estate of her mother, Anna M. Penrose, properly exercised that power by disposing of the entire share, as distinguished from a partial execution thereof limited to an equitable life estate therein.

Our study of the briefs submitted, as well as the cases cited by the learned auditing judge, in our opinion justifies his interpretation of the donee's will relating to the exercise of the power as contained in the adjudication, even though this clause is somewhat awkwardly worded; and also his ruling in declining to hear oral testimony as to the donee's intention. We see no reason, therefore, for amplifying, as this would be needless iteration and reiteration.

It may not be out of place to say that the prior adjudication made by another auditing judge did but award a life estate, because that was the only question submitted to him, and that even were the question then raised he would have been well within his rights in deciding that the power was well exercised so far as the trust for life was concerned, leaving for further action the question of the ultimate distribution of the fund, dependent upon the termination of the trust by the death of the life tenant; and in saying this we do no more now than to decide that the entire estate vested in the granddaughter—meaning that those finally entitled will be the executor of the will of the granddaughter, the appointee, or, in event the will cannot be probated, those who take under the intestate law of her domicile at the time of her decease.

All exceptions are accordingly dismissed, and the adjudication, which awarded the fund to the administrator pendente lite, is confirmed absolutely.